IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:-05-CR-3-24- JRG-RSP |
| | § | |
| LUTHER LYNN WILLIAMS | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On August 8, 2012, the undersigned held a final hearing on the Government's petition (#1278) to revoke supervised release. The Government was represented by Assistant United States Attorney Allen Hurst. The Defendant, Luther Lynn Williams, was represented by Craig Bass.

Luther Lynn Williams was sentenced on March 17, 2006, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Use and Carrying of a Firearm During a Drug Trafficking Crime, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, for a criminal history category of VI was the statutory minimum period of five years. Luther Lynn Williams was subsequently sentenced to 60 months imprisonment and five years supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health treatment and financial disclosure. On February 2, 2010, Luther Lynn Williams completed his period of imprisonment and began service of the supervision term.

On June 18, 2012, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard</u>: The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: On March 28, 2012 and May 29, 2012, Mr. Williams submitted urine specimens which tested positive for cocaine. On July 5, 2010, July 19, 2010, July 23, 2010 and September 8, 2010, Mr. Williams submitted urine specimens which tested positive for marijuana.

2) <u>Standard</u>: The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. Specifically, the Government alleges that Mr. Williams has been unemployed for approximately one year.

3) <u>Standard</u>: The Defendant shall notify the probation officer ten days prior to any change of residence or employment. Specifically, the Government alleges that Mr. Williams moved from his residence located at 2908 Gilmer Road, Lot 2 without notifying the probation officer ten days prior to a change in residence.

The Court scheduled a revocation hearing for August 8, 2012. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eight months, with no supervised release to follow

such term of imprisonment.   Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**.  Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release.   It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**.  It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with no supervised release to follow such term of imprisonment.

At the close of the August 8, 2012 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence.  Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 15th day of August, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE